UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

G.C. (XXX-XX-5193)                    CIVIL ACTION NO. 11-cv-1524

VERSUS                                JUDGE STAGG

MICHAEL J. ASTRUE                     MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

G.C. ("Plaintiff") was born in 1957, has a 12th-grade education, and was previously employed as a concrete vault maker, cemetery worker, and warehouse worker/material handler.  He applied for disability benefits.  ALJ Leslie John Rodriguez found that Plaintiff suffered from degenerative disc disease of the lumbar spine, carpal tunnel syndrome, hypertension, gout, and borderline obesity, which left him with the residual functional capacity ("RFC") to perform light work, subject to a number of limitations such as the need to sit after 20 minutes of standing or walking, part-time use of a cane when walking extended distances, the ability to climb ramps/stairs only occasionally, and other limitations.

The ALJ found that these limitations precluded Plaintiff from performing his past work. He then accepted the testimony of a vocational expert ("VE") that Plaintiff could, despite his limitations, perform the demands of personal companion. The claim was, therefore, denied. The Appeals Council denied a request for review, making the Commissioner's decision final.  Plaintiff then filed this appeal.

Plaintiff argues that the VE's testimony was not sufficient to satisfy the Commissioner's step five burden because the job of personal companion is semi-skilled, and the ALJ testified that Plaintiff did not obtain any skills in his prior work that would transfer to the job. For the reasons that follow, it is recommended that the Commissioner's decision be reversed and that the case be remanded for further proceedings.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

The ALJ analyzed the claim pursuant to the five-step sequential analysis set forth in the regulations. See Perez v. Barnhart, 415 F.3d 457, 461 (5th Cir. 2005). At the fifth step, determining whether Plaintiff is able to perform work that is available in the national economy, the Commissioner may meet his burden of proof by looking to the Medical Vocational Guidelines found at 20 C.F.R. §404, Sub-part P, Appendix 2. The Commissioner may rely exclusively on the Guidelines if (1) the claimant suffers only from exertional

impairments or (2) the claimant's nonexertional impairments do not significantly affect his RFC.  Id. § 404.1569; Fraga v. Bowen, 810 F.2d 1296, 1304 (5th Cir. 1987). If nonexertional impairments do significantly affect the plaintiff's RFC, the Commissioner may look to the Guidelines for guidance but must also look to expert vocational testimony or other similar evidence to meet his burden of proving that such jobs exist.  Fraga, supra.

Plaintiff was 51 when he filed his application and 52 at the time of his hearing, making him for Guidelines purposes a person approaching advanced age (age 50-54).  Rule 202.14 provides that a person who has the RFC to perform the full range of light work, is approaching advanced age, has a high school degree or more, and has skilled or semi-skilled work history with skills not transferrable, is not disabled.  Plaintiff, however, has non-exertional limitations and is far from able to perform the full range of light work, so testimony from a VE was necessary to reach a decision.

VE Charles Smith testified that none of the skills Plaintiff acquired in his past work would transfer to light or sedentary jobs.  Tr. 69-71.  The ALJ gave the VE a series of hypotheticals, giving different degrees of limitations, and asked whether such a person could perform work.  When the VE was asked to assume a  person with Plaintiff's RFC, the VE identified the job of companion that could be performed.  He described the job as "light physical demand, SVP of 3, semi-skilled, classification code 309.677-010."  Tr. 72-73.

On cross-examination by counsel for Plaintiff, the VE stated that the skills required for the companion job are record keeping and communication.  Counsel asks the VE to clarify that "these are not skills that he would have acquired in his past relevant work?"  The

VE replied: "That's correct." Tr. 78. The VE clarified again later that there were no skills Plaintiff had from his past work that would transfer to the companion job. Tr. 82. The VE never explained why Plaintiff would be able to perform the job despite its classification as semi-skilled when he lacked any transferable skills. Perhaps the expert could have offered such an explanation, but it is not in the record.

The ALJ noted this issue in his decision but found the issue of transferable skills was "a moot point for a person under the age of 55 at the light exertional level." Tr. 21. The ALJ did not explain, but it appears he was referring to the principles discussed in Rule 202.00. The rule, which accompanies the Guidelines for persons able to do light work, states that the capacity to perform "a full range of light work" also enables the person to perform sedentary and light work, which represent numerous jobs in the national economy that can be performed after a short demonstration or within 30 days and do not require special skills or experience. Subsection B states that the ability to perform a "wide or full range of light work" represents the ability to adjust to substantial numbers of unskilled jobs and, thus, generally provides jobs available even for severely impaired individuals who are not of advanced age and have sufficient educational competence for unskilled work. Subsection C adds that for individuals of advanced age who have a history of unskilled work or who have only skills that are not readily transferable to a significant range of semi-skilled or skilled work, the ability to perform only light work warrants a finding of disabled.

This rule is based on the Agency's finding that age is generally not considered a hindrance to adapting to new work if the claimant is under 50. At age 55 and over, however,

age can be an adverse factor in adjusting to a new job, barring special skills or training that would allow for adjustment. Bloch on Social Security, Sections 3:33 and 36.  These principles are reflected in the specific rules in the Guidelines, but they are not directly applicable in this case because Plaintiff is far from able to perform a full or wide range of light work.  The ALJ found that he had an RFC that significantly limited the number of light work jobs he could perform, and the VE identified only one such job.

The only job identified, and relied upon in the ALJ's decision, was companion.  The job was described as semi-skilled, but there was no explanation by the VE as to why Plaintiff could perform the job despite a lack of transferable skills.  The ALJ attempted to avoid this problem by noting that the Dictionary of Occupational Titles states that an SVP (Specific Vocational Preparation) 3 job has a training time between one to three months, which can consist of special vocational training, on-the-job training, or other training or experience. The Social Security regulations define unskilled work as work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time, usually 30 days.  20 C.F.R. § 404.1568(b) and (c).  Therefore, the ALJ wrote, the mere fact that a job has been given an SVP of 3 does not eliminate it from consideration if it is otherwise unskilled.  Tr. 21.

That may be theoretically possible, but the VE did not indicate that the companion job fell within the category of SVP 3 jobs that were closer to being unskilled.  Perhaps that is an assumption one might make, but there is no evidence of that in the record.  And the specific

DOT entry for the companion job describes the SVP as: "Level 3 - Over 1 month up to and including 3 months."

A similar case was presented in <u>Jeansonne v. Astrue</u>, 2008 WL 2073996 (W.D. La. 2008), where the claimant was a younger individual with a high school education who did not have any transferable skills.  The VE identified jobs that the claimant could perform, but they were all semi-skilled. The ALJ stated that transferability of skills was not an issue because the Guidelines would support a finding of not disabled regardless of whether the claimant's work skills were transferable.  Magistrate Judge Kirk stated that because the VE found jobs that were semi-skilled, the transferability of skills or the ability to be trained in a skill was an issue, and the ALJ did not identify what skills the claimant had or would need for the identified jobs.  The Commissioner's decision was reversed, and the case was remanded.

The undersigned is of the opinion that the same result is appropriate in this case. Perhaps the VE could offer testimony that would explain why this claimant could perform the demands of the companion job despite its semi-skilled status and his lack of transferable skills, but there is no such testimony, and the court may not merely make guesses or assumptions.  The Commissioner argues that even if the personal companion job is set aside, the VE also identified unskilled jobs such as motel housekeeper and parking lot signaler that Plaintiff could perform.  Tr. 83-84.  The ALJ did not, however, rely on that testimony in any way in his written decision.  There may have been something about that testimony the ALJ was not willing to accept, but we cannot know because it was not discussed in the written

opinion. "The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000). See also Cole v. Barnhart, 288 F.3d 149, 151 (5th Cir.2002) ("It is well-established that we may only affirm the Commissioner's decision on the grounds which he stated for doing so."). There is not substantial evidence to support the Commissioner's decision as written.

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision be reversed and, pursuant to sentence four of 42 U.S.C. § 405(g), this case be remanded to the Commissioner for further proceedings consistent with the court's decision.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court.  See Douglass

v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of January,

2013.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE