UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION


GARY CARTER                                   CIVIL ACTION NO. 11-cv-1524

VERSUS                                        JUDGE STAGG

U.S. COMMISSIONER, SOCIAL                     MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION


**REPORT AND RECOMMENDATION**

Gary Carter ("Plaintiff"), represented by attorney Ronald D. Honig, filed this civil

action to appeal the Commissioner's denial of his application for disability benefits.  Honig

filed a brief and argued the ALJ erred in accepting a VE's opinion that Plaintiff could

perform the job of personal companion, a semi-skilled job, given that the ALJ recognized

that Plaintiff did not obtain any skills in his prior work that would transfer to the job. The

court agreed with that argument, reversed the Commissioner's decision, and remanded to the

agency.  On remand, Plaintiff prevailed and obtained an award of past due benefits of more

than $89,000, plus continuing benefits of $1,193 per month.

Before the court is Honig's Motion for Attorney Fees Under Section 406(b) (Doc. 26)

in which he asks for an award of $15,515.62 for his 16.55 hours of work before the court.

Honig and Plaintiff have a contingency fee agreement that Honig will be paid 25% of any

past due benefits.  The agency withheld the 25% ($22,325.23) for possible payment of

attorney fees.  Honig may apply to the agency, pursuant to 42 U.S.C. § 406(a), for a fee for

his efforts before it, and he represents that he will do so.  The combination of agency fees

under Section 406(a) and court fees under Section 406(b) may not exceed 25% of the past-due benefits.  Rice v. Astrue, 609 F.3d 831, 835 (5th Cir. 2010); Dawson v. Finch, 425 F.2d 1192, 1195 (5th Cir. 1970).

Honig appears to assess the requested award of $15,515.62 as a reasonable portion of the withheld funds to attribute to his work before the court, with the rest attributed to work before the agency. The contingency fee agreement may provide the award sought pursuant to 42 U.S.C. § 406(b) so long as the fee is reasonable under the facts of the case.  Gisbrecht v. Barnhart, 122 S.Ct. 1817, 1828 (2002); Jeter v. Astrue, 622 F.3d 371 (5th Cir.2010).  The Commissioner, who has no direct role in such matters but acts similar to a trustee, filed a response and stated that she does not take a position on whether the fee is reasonable.

Honig's request results in an effective hourly rate of approximately $937.50 per hour for the court-related time.  Gisbrecht explicitly rejected the application of the lodestar method to calculate fees under Section 406(b).  It did allow that if the benefits resulting from a contingency fee were large in comparison to the amount of time counsel spent on the case, a downward adjustment could be in order to disallow a "windfall" for the lawyer.  This led to some confusion about the role the lodestar calculation should play in setting a reasonable contingency fee.  The Fifth Circuit looked at the issue in Jeter v. Astrue, 622 F.3d 371 (5th Cir. 2010) and held that "courts may consider the lodestar in their analysis so long as the court can articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage." 622 F.3d at 380.

The Court said this meant the windfall assessment could consider an effective hourly rate "but only so long as this mathematical calculation is accompanied by a consideration of whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him." Id.  The Court explained that the Gisbrecht "windfall" does not preclude attorneys from recovering what may seem like a high fee award if the attorney's success on appeal is of his own making. If "success on appeal can be attributed to his attorney's endeavors before the district court, then that attorney should reap the benefit of his work—even if he managed to accomplish a great deal in a small window of time." Id. at 381.

Honig's effective hourly rate may seem high, but in light of the applicable law and the considerations discussed in Stoneking v. Commissioner, 2011 WL 3328538 (W.D. La. 2011), such as the few attorneys in the area who will handle a disability appeal and the lack of compensation in the many unsuccessful cases, the undersigned finds that the requested fee is reasonable and not attributable to anything other than the attorney's own work.  Plaintiff likely would have received nothing on this application had Honig not raised a successful argument on appeal.  That argument lead to Plaintiff receiving more than $89,000, plus continuing monthly payments.  The requested fee award of $15,515.62 is reasonable in light of the circumstances and should be approved.  Honig represents that the previously ordered EAJA award of $2,377.50 will, upon receipt of the Section 406 fee award, be forwarded to Plaintiff as required by the statute under these circumstances.

Accordingly;

**IT IS RECOMMENDED** that the Motion for Attorney Fees Under Section 406(b) (Doc. 26) be granted and that the court approve a fee award under 42 U.S.C. § 406(b) in the amount of $15,515.62 for the work of attorney Ronald D. Honig before the court in this case, with the amount to be paid from the past due benefits held by the Commissioner for such purposes.  It is further recommended that Honig be ordered to, upon receipt of the Section 406(b) fee, return to Plaintiff the $2,377.50 EAJA fee that the court awarded earlier in the case.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 7th day of April, 2014.

Mark L. Hornsby
U.S. Magistrate Judge